34 C.C.P.A. (Patents)

### In re BECKETT et al.
### Patent Appeal No. 5326.

Court of Customs and Patent Appeals.
June 3, 1947.

and rely on the air pressure in the tire. In any event, the process of claim 1 has not been established as an advance in the art."

Measurement of the respective deflected and undeflected portions of the tire is required under the language of the rejected claim since the described pressure of inflation is varied until a predetermined ratio between such portions is obtained.

The claim does not, however, call for the use of a pressure gauge or any other device in adjusting the ratio between the portion of the tire deflected under load and the undeflected portion thereof, nor does it define that which constitutes a measuring step in varying or adjusting the inflation pressure of the tire until such a ratio is effected.

Moreover, no degree of accuracy in making the measurements is specified in the claim, and the ratio between the deflected and undeflected portions of the tire is therein defined merely as a "predetermined" ratio without describing its actual value.

The Board of Appeals, in passing upon the petition for reconsideration, correctly stated that all that is required by the appealed claim is that, depending upon the load to be carried thereon, pneumatic tires be inflated, in which event the flattened portions thereof become more rounded; that it is common practice to inflate such tires to a desired point; and that, so far as the involved claim is concerned, it is immaterial whether or not a pressure gauge is used or whether one relies upon observation to determine whether the tires are properly inflated.

We have examined the points and authorities cited by appellants but find nothing therein which supports the contention that invention is defined by the broad limitations of the rejected claim.

The decision of the Board of Appeals is accordingly affirmed.

Affirmed.

By reason of illness, GARRETT, Presiding Judge, was not present at the argument of this case and did not participate in the decision.

Evans & McCoy, Cleveland, Ohio (Frank S. Greene, of Cleveland, Ohio, of counsel), for appellants.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before BLAND, Acting Presiding Judge, and HATFIELD, JACKSON, and O'CONNELL, Associate judges.

O'CONNELL, Associate Judge.

The Board of Appeals of the United States Patent Office, having allowed seven claims in appellants' application for a patent on an instrument for use in determining the proper inflation pressure for pneumatic tires in service on motor vehicles, affirmed the action of the Primary Examiner in rejecting claim 1 of the same application for the method of adjusting the inflation pressure of such tires.

Appellants allege 11 specific errors by the board in the rejection of claim 1 and thereby bring the matter before us for review. The claim, which clearly defines the alleged invention, reads as follows: "1. The herein described method of adjusting the inflation pressure of pneumatic tires in service on motor vehicles to the load imposed upon such tires, which comprises measuring the radial depth of an undeflected portion of a tire on a vehicle-supporting wheel and varying the inflation pressure of the tire until the radial depth of the portion of the tire deflected under load is in a predetermined ratio to the depth of the undeflected portion thereof."

No references were cited in the rejection of the claim by the tribunals of the Patent Office.

The board stated in its decision, and upon reconsideration explained but adhered to its original position, that: "We see nothing unobvious about the method of claim 1 as it is a mere matter of choice to select the ratio indicated in this claim rather than to follow the usual practice